IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

KESHEANNA JACKSON                                                     PLAINTIFF

v.                               No. 2:14-cv-125-DPM

NORAC, INC., d/b/a
Norac Additives                                                        DEFENDANT


KESHEANNA JACKSON                                                     PLAINTIFF

v.                               No. 2:15-cv-151-DPM

NORAC, INC., d/b/a
Norac Additives                                                        DEFENDANT

ORDER

1. First, jurisdiction. The Court denies Jackson's embedded motion to remand her new case. Complete diversity is the only disputed issue. 28 U.S.C. §§ 1332(a)(1) & (c)(1). Norac has shown by a preponderance, considering all the material of record, that California is this corporation's nerve center. While Norac no doubt does lots of business in Helena–West Helena at the plant where Jackson worked, and in other states, the California headquarters is where everything seems ultimately directed, controlled, and administered from. *Hertz Corp. v. Friend*, 559 U.S. 77, 93–95 (2010); *In re Prempro Products Liability Litigation*, 591 F.3d 613, 620 (8th Cir. 2010).

**2.** Second, how best to untangle these two closely related cases? Norac's motion to dismiss or consolidate is granted as modified. One case—which also covers the new retaliatory-firing claim under Arkansas law—is enough. The Court therefore grants Jackson permission to belatedly amend her complaint in No. 2:14-cv-125 DPM and plead retaliation too. (No other amendment is allowed.)

Norac is right: Jackson has threaded her way around the deadline for amending pleadings in the first case. But Jackson's new claim arises under state law; with or without complete diversity, that claim could be pursued in state court; and it's a lawyer's job to find ways around procedural obstacles. Having all Jackson's work-related claims in one case makes good sense. The law, though, doesn't require it in these circumstances.

What troubles the Court a bit is Jackson having the filed but unserved new case in her pocket during the depositions and sitting silent about it. Nothing much, though, seems to have been gained by this. Put another way, with one exception, Norac wasn't prejudiced. The exception is that Norac must re-depose Jackson, which could have been avoided if everything had been on the table. A fair cure is that Jackson must pay the court reporter's fee

for her second deposition. Resolving the parties' dispute, it's true, must be delayed again. This is no small thing. But Jackson has a retaliation claim, which she's entitled to pursue somewhere. The Court's Scheduling Order is important, but it's not the statute of limitation. Pursuing retaliation here makes the most sense. And some delay would have resulted had Jackson pursued a straight-forward strategy: seeking a belated amendment in the first case, which this Court would have probably allowed as the most sensible outcome in the circumstances. So the delay is a wash.

\* \* \*

In No. 2:15-cv-151-DPM: embedded motion to remand, № 6 at 3–6, denied; motion to dismiss or consolidate, № 3, granted as modified. Jackson may amend her complaint in No. 2:14-cv-125-DPM by pleading the retaliation claim. Amended complaint due by 4 December 2015. The Amended Final Scheduling Order in No. 2:14-cv-125-DPM is suspended. The Court will issue a Second Amended Final Scheduling Order in that case. We'll have focused discovery, limited solely to the new retaliation claim, dispositive motion practice on all claims thereafter, and a new trial date. Jackson must pay the court reporter's fee for her second deposition. No. 2:15-cv-151-DPM will be

dismissed without prejudice to Jackson's amendment in No. 2:14-cv-125-DPM. The Court directs the Clerk to file this Order in each case.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

24 November 2015